**SO ORDERED.**

**SIGNED this 11 day of December, 2007.**

_____

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

**IN RE:**

    **SHARON T. SPARROW,**

        **Debtor.**                         **Case No. 07-03050-8-JRL**
                                             **Chapter 13**

_____

## <u>ORDER</u>

This case is before the court on the debtor's motions to avoid the liens of American General Financial Services ("American General"), Time Financing Service ("Time"), and Future Financial Services ("Future Financial"). On December 5, 2007, the court conducted a hearing on this matter in Wilson, North Carolina.

On August 21, 2007, the debtor filed for relief under Chapter 13 of the Bankruptcy Code. On August 22, 2007, the debtor filed three motions to avoid the liens of several creditors holding perfected security interests in household goods and tools of the debtor: (1) a motion to avoid the lien of American General, which holds perfected security interests in one television and a Dell computer and accessories; (2) a motion to avoid the lien of Time, which holds perfected security interests in one forty-eight inch Magnavox television, one thirty-two inch RCA television, one twenty-seven

inch Magnavox television, and one nineteen inch television; and (3) a motion to avoid the lien of

Future Financial, which holds perfected security interests in one sixty inch Phillips HD television,

one twenty-seven inch RCA television, one RCA VCR/DVD combination, and a Techwood Stereo

with speakers.  The motions were withdrawn with respect to all property except for the Dell

computer and accessories, the sixty inch Phillips HD television, the RCA VCR/DVD combination,

and the Techwood Stereo and speakers ("the collateral").[1]

The Bankruptcy Code provides that a "debtor may avoid the fixing of a lien on an interest

of the debtor in property to the extent that such lien impairs an exemption to which the debtor would

have been entitled . . . if such lien is . . . a nonpossessory, nonpurchase-money security interest in

any household furnishings [or] household goods . . . that are held primarily for the personal, family,

or household use of the debtor or a dependent of the debtor."  11 U.S.C. § 522(f)(1)(B)(i).  Section

522(f) therefore requires that a two-part test be satisfied in order for a debtor to avoid a

nonpossessory, nonpurchase-money security interest: (1) that the collateral is exempt from the

bankruptcy estate under federal or state law,  and (2) that the security interest is in either household

goods or another type of collateral listed in § 522(f)(1).  In re Mundy, 2006 Bankr. LEXIS 109, at

*5 (Bankr. D. S.C. Jan 10, 2006).  North Carolina has opted out of the federal exemptions listed in

§ 522(d), so debtors in North Carolina are limited to state law exemptions.  N.C. Gen. Stat. §

1C-1601-1604 (2005).  Under North Carolina state law, a debtor may exempt "[t]he debtor's

aggregate interest, not to exceed five thousand dollars ($5,000) in value for the debtor . . . in

---

[1]Accordingly, the motion to avoid the lien of Time was withdrawn in its entirety and is not addressed in this order.  The motions to avoid the liens of American General and Future Financial remained in part and are addressed herein.

household furnishings [and] household goods . . . that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."  Id. § 1C-1601(a)(4).

The security interests that the debtor seeks to avoid fall squarely within the two-part test of 11 U.S.C. § 522(f).  First, personal computers, televisions, VCR's, and stereos are types of property that are routinely exempted pursuant to N.C. Gen. Stat. § 1C-1601(a)(4).  Further, the security interests of American General and Future Financial are in household goods, as the term is used in 11 U.S.C. § 522(f)(1).  See 11 U.S.C. § 522(f)(4) (stating that the term "household goods" includes one television, one personal computer and related equipment, one VCR, and one radio).  Therefore, the debtor has satisfied the two-part test for avoiding a nonpossessory, nonpurchase-money security interest as to the Dell computer and accessories, Phillips HD television, RCA VCR/DVD combination, and Techwood stereo.

For the foregoing reasons, the court ALLOWS the debtor's motions to avoid the lien of American General in the debtor's Dell computer and accessories and the liens of Future Financial in the Phillips HD television, RCA VCR/DVD combination, and the Techwood stereo pursuant to 11 U.S.C. § 522(f).

**END OF DOCUMENT**